IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HAROLD MOSS, #170262, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-784-MEF |
| | ) [WO] |
| | ) |
| MONTGOMERY PRE-RELEASE CENTER, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Harold Moss ["Moss"], a state inmate, asserts that correctional officers subjected him to the use of excessive force at the Montgomery Pre-Release Center. The plaintiff names the aforementioned correctional facility as a defendant in this cause of action.

Upon review of the complaint, the court concludes that dismissal of Moss' claims against the Montgomery Pre-Release Center prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

**DISCUSSION**

A state prison facility is not a legal entity subject to suit or liability under 42 U.S.C. § 1983, *see Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), nor is a facility a person within the meaning of 28 U.S.C. § 1983. In light of the foregoing, the court concludes that

Moss' claims against the Montgomery Pre-Release Center are due to be summarily dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims presented by Moss against the Montgomery Pre-Release Center be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. This correctional facility be dismissed as a defendant in this cause of action.

3. This case, with respect to defendants Casey and Smith, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before September 18, 2006 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by

the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of September, 2006.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE