**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **HAROLD MOSS** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **2:06-CV-784-MEF-VPM** |
| **CURTIS CASEY and OTIS SMITH** | ) | |
| **Defendants.** | ) | |

**SPECIAL REPORT**

COME NOW the Defendants, **Officer Curtis Casey and Lt. Otis Smith**, by and through undersigned counsel, and in accordance with this Honorable Court's September 6, 2006 Order, offer the following written report:

**PARTIES**

1. The Plaintiff is an inmate of the Alabama Prison System.
2. Defendant Curtis Casey is a Correctional Officer I with the Alabama Department of Corrections and is currently assigned to the Montgomery Pre-Release Center.
3. Defendant Otis Smith is a Correctional Officer Supervisor I with the Alabama Department of Corrections and is currently assigned to the Montgomery Pre-Release Center.

**EXHIBIT**

EXHIBIT 1 – Affidavit of Officer Curtis Casey

EXHIBIT 2 – Affidavit of Lt. Otis Smith

## PLAINTIFF'S CLAIMS

Plaintiff claims that he was ". . . vigorously attack'd [sic] by two officers" causing swelling to his head, swelling and scarring to his knee, bruising to his face, back aches, headaches and a busted lip. Plaintiff demands $100,000 in damages.

## DEFENDANTS' RESPONSE

1. The Defendants deny that they violated the Plaintiff's constitutional rights.
2. The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.
3. The Plaintiff has failed to state a claim upon which relief may be granted.
4. The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.
5. The Defendants are immune from suit due to qualified immunity.

## STATEMENT OF FACTS

On August 29, 2006, at approximately 9:40 am, Officer Casey instructed Plaintiff to take an inmate locker box to the Montgomery Pre-Release Center laundry. Plaintiff refused this direct order and informed Officer Casey that he was ". . . not going to carry no locker box." Officer Casey once again gave plaintiff a direct order to carry the locker box to the laundry. Plaintiff once again refused to obey the direct order of Officer Casey and refused to move. Officer Casey walked up to Plaintiff, grabbed him by the upper part of his left arm to escort him into the dorm to talk with Lt. Smith. As Plaintiff was being escorted into the dorm area, he pulled away from Officer Casey. Officer Casey then placed Plaintiff face down on the floor. Officer Barry Boswell assisted Officer Casey in placing handcuffs on Plaintiff. Plaintiff was restrained and escorted to the shift office

where the incident was reported to Sgt. William Howard. Once in the shift office, Sgt. Howard questioned Plaintiff about the incident. Plaintiff denied being told to do anything.

Plaintiff was then referred to the health care unit for an examination. Upon examination, Plaintiff was found to have redness on his forehead, a small amount of swelling to his lip with no open cuts, a small amount of redness to his right knee and no further injuries or complaints.

At no time was Plaintiff "vigorously attacked" as alleged. At no time did Lt. Smith physically attack Plaintiff. At no time was Plaintiff hit in the back of the head with a metal night stick as alleged. All force used against Plaintiff was the appropriate amount under the circumstances and in accordance with the Alabama Department of Corrections Administrative Regulations. See, Exhibits 1 & 2.

## ARGUMENT

**I. Defendants did not use excessive force against plaintiff.**

Claims of excessive force against inmates are governed by the Eighth Amendment's proscription of cruel and unusual punishment. *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). To establish an Eighth Amendment claim of excessive force, the plaintiff must prove that "'force was applied … maliciously and sadistically for the very purpose of causing harm.'" *Id., quoting Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.E.2d 251 (1986). The "core judicial inquiry" in such a claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed. 2d 156 (1992).

In addition to defining the mental state required, *Hudson* and *Whitley* outline five distinct factors relevant to ascertaining whether force was used "maliciously and sadistically for the very purpose of causing harm": (1) "the extent of the injury"; (2) "the need for application of force"; (3) "the relationship between that need and the amount of force used"; (4) "any efforts made to temper the severity of a forceful response"; and (5) "the extent of the threat to the safety of the staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." *Campbell*, 169 F. 3d at 1375; citing *Whitley*, 475 U.S. at 321; *Hudson*, 503 U.S. at 7.

Applying these five factors to the incident involving Plaintiff, Officer Casey, and Lt. Smith it is clear that Officer Casey and Lt. Smith did not use excessive force against Plaintiff. There was clearly a need for the application of some force when Plaintiff steadfastly refused to obey the direct orders of Officer Casey and tried to escape the grasp of Officer Casey when being led to Lt. Smith. Officer Casey was required to apply force to maintain discipline and divert any further harm to himself, Plaintiff, or others. Lt. Dowling used only that amount of force necessary to subdue Plaintiff, cuff Plaintiff's hands and restore discipline, thus preventing the likelihood of further harm.

Plaintiff was given a physical examination following the incident, and the medical findings were consistent with the officers' report of the facts. The only thing the medical examination revealed was a slight redness on Plaintiff's forehead and knee and slight swelling of his lip. These facts demonstrate that Defendants did not use excessive force against Plaintiff. His claims are, therefore, due to be dismissed.

**II. The Defendants are immune from suit.**

This case should also be dismissed because Defendants are immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890).

The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). Alabama has not waived its Eleventh Amendment immunity, and Congress has not abrogated Alabama's immunity. Therefore, Officer Casey and Lt. Smith are immune from claims brought against them in their official capacity. *Lancaster v. Monroe County,* 116 F.3d 1419 (11th Cir.1997); see also, *McClure v. Houston County, AL.*, 306 F. Supp. 2d 1160 (M.D. Ala. 2003).

In addition, all of the Defendants are protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no

clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blakenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295, *quoting Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979). Monitoring, disciplining and restraining inmates are dangerous undertakings that require the use of discretion. Therefore, Plaintiff must allege a valid violation of his constitutional rights, and show that the Defendant knew that his actions violated clearly established law. Plaintiff's allegations of cruel and unusual punishment, even if proven, show nothing more than *de minimis* injury. See, Body Chart, attached to Exhibits 1 & 2. The Plaintiff has failed to prove any act or injury that rises to a constitutional violation of his rights as a prisoner. The Defendants are therefore entitled to qualified immunity.

To state a valid excessive force claim, an inmate's injuries need not be significant, but must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1287 (11th Cir.); modified in part by *Harris v. Garner*, 216 F. 3d 970 (2000). Plaintiff's Complaint alleges no injury upon which he can base a valid excessive force claim.

The Eleventh Circuit follows a two part test to determine whether a plaintiff has established a valid excessive force claim. *Lanier v. Fralic*, No. Civ.A.98-0923AHL, 2000 WL 1844679 *4 (11th Cir. 2000). The test has an objective and subjective component. Id. PLaintiff's excessive force claim cannot be maintained unless he establishes:

1. That he suffered injury that was objectively harmful enough to establish a constitutional violation, and
2. That subjectively, defendant acted maliciously or sadistically to cause the plaintiff harm.

The Eleventh Circuit has observed that injuries resulting from similar usage of force alleged by Plaintiff are too minor to support the objective prong of the excessive force test. *Lanier* at *5 n.5. (citing as *de minimis* injuries: Markiewicz v. Washington, 1999 WL 196596 (7th Cir.1999) (a bruised shoulder from being shoved into a wall); *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997) (a sore, bruised ear lasting three days); *Williams v. Dehay*, 1996 WL 128422 (4th Cir.1996) (transitory back and shoulder aches of limited duration); *Schoka v. Swinney*, 1995 WL 251126 (9th Cir.1995) (a 1.5 inch scratch on the back of the hand from handcuffs); *Riley v. Dotson*, 115 F.3d 1159 (4th Cir.1997) (a welt from a slap on the face); *Lunsford v. Bennett*, 17 F.3d 1574 (7th Cir.1994) (daily headaches without treatment from being hit with a water bucket); *Norman v. Taylor*, 25 F.3d 1259 (4th Cir.1994) (A sore and swollen thumb from being hit with keys)). See also *Santiago v. Semenza*, 965 F. Supp. 468, 472 (S.D.N.Y. 1997) (holding that an officer's striking an insubordinate prisoner in the face causing bruising was not excessive force). Plaintiff's allegations of injuries are *de minimis*, and his excessive force claim fails and Lt. Copeland is entitled to summary judgment.

**CONCLUSION**

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

Respectfully submitted,

TROY KING (KIN047)
Attorney General

/s/ Benjamin H. Albritton
Benjamin H. Albritton (ALB008)
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7555
(334) 242-7433 - fax

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 15th day of November, 2006, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Harold Moss, 170262
Montgomery Pre-Release Center
PO Box 75
Mt. Meigs, AL 36057

/s/ Benjamin H. Albritton
Benjamin H. Albritton
Assistant Attorney General

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

**Harold Moss,**
**AIS #170262**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 2:06-CV-784-ME**

**COI Curtis Casey, et al.,**

**Defendants.**

**AFFIDAVIT**

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared before me first being duly sworn, deposes and says on oath as follows:

My name is Curtis Casey, and I am presently employed as a Correctional Officer I with the Alabama Department of Corrections, Montgomery Pre-Release Center, Mt. Meigs, Alabama. I am over twenty-one (21) years of age.

Inmate Harold Moss, B/M, 170262, has alleged the following:

1. **That I, COI Curtis Casey, violated his constitutional rights.**

**RESPONSE:** I, COI Curtis Casey, have no knowledge of any alleged incidents occurring on August 29, 2006, where Plaintiff, inmate Harold Moss' constitutional rights were violated.

2. **That I, COI Curtis Casey, grabbed and hit subject in the head with a metal nightstick.**

**RESPONSE:** At no time did I or any officer assigned to Montgomery Pre-Release Center vigorously attack inmate Moss **(SEE ATTACHED MEDICAL REPORT: EXHIBIT # 1).**



Inmate Moss' allegations of being hit in the back of the head with a metal nightstick are completely false and without merit. At no time did I attack the subject with any object. On August 29, 2006 at approximately 9:40am, Plaintiff, inmate Harold Moss, B/170262, was given several direct orders to move an inmate lockerbox to the laundry and Plaintiff refused stating, ***"I, Harold, am not going to carry no lockerbox."*** **(SEE ATTACHED INCIDENT REPORT: EXHIBIT #2 - MPR-06-0208).** Inmate Moss was then directed to move and inmate Moss refused. I, COI Curtis Casey, used force appropriate with inmate Moss' custody and within the guidelines of Alabama Department of Corrections Administrative Regulations and Montgomery Pre-Release Center Standard Operating Procedures.

The aforementioned statements are true and correct to the best of my knowledge and recollection.

Curtis Casey, COI
Montgomery Pre-Release Center
Alabama Department of Corrections

State of Alabama )
)
Montgomery County )

Sworn to and subscribed before me and given under my hand and Official Seal this 22nd day of September 2006.

Notary Public

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: April 6, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

My Commission Expires:

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 SEP -1 A 9:28

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

HAROLD MOSS #170262
Full name and prison number of plaintiff(s)

CIVIL ACTION NO. ________
(To be supplied by the clerk of the U.S. District Court)

2:06 CV-784-MEF

V.

MONTGOMERY PRERELEASE CENTER
OFFICER CASEY
LT. SMITH
Name of person(s) who violated your constitutianal rights.
(List the names of all the persons)

I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this acti

Yes ( ) NO (X)

B. Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes ( ) NO (X)

C. If your answer to A or B is yes, describe each lawsuit in the space below. (if more than one lawsuit describe the add-tional lawsuits on another piece of paper, using the same out line.

II. PLACE OF PRESENT CONFINEMENT, Montgomery Pre-release center, MT. Meigs AL 36057 P.O. Box 75.

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED, Montgomery Pre-release center

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| NAME | ADDRESS |
|---|---|
| 1. OFFicer CASEY | Montgomery Pre-release center, P.O. BOX 75 MT. Meigs AL 36057 |
| 2. L.T. SMITH | Montgomery Pre-release center P.O. BOX 75 MT. Meigs AL 36057 |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED 08/29/06

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED.

GROUND ONE: I WAS Vigorously attack'd by two officers.

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND (state as best you can the time, place, manner, and person involved). I was grabed and hit in the back of my head with a metal night stick, on 08/29/06 at or about 9:[illegible] (a.m) and was thrown to the ground and hand cuffed, while on the ground I was punched repeatly in the side and lower part of my back and had my face slammed to the floor numerous of times by officer casey. at no time did I threat him nor touch Him. nor was any force useby me. I was physically assaulted by this officer. (Officer Casey).

GROUND TWO: I was physically assaulted by LT. SMITH
SUPPORTING FACTS: on 08/29/06 while handcuffed behind my back. I was hit in the mouth by LT. SMITH, as a result my lip was busted. clearly I wasn't a threat. I was handcuffed.

GROUND THREE: the left side of the back of my head is swollen, the lower part of my back ache, my right knee is swollen and scared up. my bottom lip on the right side is busted. I'm having headaches. the left side of my face is bruised. all because of the beaten I sustain'd by these officers.

SUPPORTING FACTS: I was treated to a body chart by Nurse smith here. the body charts shows all the marks, bruise's on my face, head, knee, mouth and back. also Rodney Hinton 184941 witness the whole incident

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES. I'm respectfully requesting the court to order the defendants to pay me the sum of $100.000 for the assault I received and the pain. and possible face charge's for what they did to me.

Harold Moss
signature of Plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct

EXECUTED on 08/29/06
(date)

Harold Moss
signature of Plaintiff(s)

**STATE OF ALABAMA**
**DEPARTMENT OF CORRECTIONS**
# INCIDENT REPORT

| 1. Institution: | 2. Date: | 3. Time: 10 | 4. Incident Number: | Class Code: |
|---|---|---|---|---|
| Montgomery Pre-Release Center | 08/29/2006 | 9:40am | MPR-06-0208 | C |

| 5. Location Where Incident Occurred: | 6. Type of Incident: |
|---|---|
| MPRC general yard adjacent to the side exit door of the Dorm. | #56-Failure to Obey a Direct Order (Use of Force) |
| **7. Time Incident Reported:** 9:45am | **8. Who Received Report:** SGT William Howard |

9. Victims:

| | Name | AIS No. |
|---|---|---|
| a. | NA | NA |
| b. | | |
| c. | | |

10. Suspects:

| | Name | AIS No. |
|---|---|---|
| a. | MOSS, HAROLD | B/170262A |
| b. | | |
| c. | | |
| d. | | |
| e. | | |

11. Witnesses:

| | Name | AIS No. |
|---|---|---|
| a. | NA | |
| b. | | |
| c. | | |
| d. | | |
| e. | | |
| f. | | |
| g. | | |

**PHYSICAL EVIDENCE:**

12. Type of Evidence

NA

13. Description of Evidence:

NA

14. Chain of Evidence:

a. NA
b.
c.
d.

15. Narrative Summary:

On 08/29/06 at approximately 9:40am, COI Curtis Casey gave inmate Harold Moss, B/170262, a direct order to take an inmate lockerbox to the Montgomery Pre-Release Center laundry. Inmate Moss stated, "I, Harold, am not going to carry no lockerbox." Officer Casey once again gave inmate Moss a direct order to carry the lockerbox to the laundry and inmate Moss refused. Inmate Moss refused to move. Officer Casey walked up to inmate Moss, grabbed him by the upper left arm to escort him into the dorm to talk with LT Otis Smith. As inmate Moss was being escorted into the dorm area, he tried to pull away from Officer Casey. Officer Casey then placed inmate Moss face down on the floor. COI Barry Boswell assisted Officer Casey by placing handcuffs on inmate Moss. Inmate Moss was restrained and escorted to the Shift Office where this incident was reported to SGT William Howard. Once in the Shift Office, SGT Howard questioned inmate Moss about his actions. Inmate Moss stated he was not told to do anything. After questioning, inmate Moss was examined by Nurse Smith (See attached Medical Statement). Once the examination was complete, inmate Moss was released back into MPRC general inmate population. Disciplinary action initiated for rule violation #56-Failure to Obey a Direct Order (Use of Force).

Curtis Casey, COI
Curtis Casey, COI

Attachment: One (1) Medical Statement.
Statements: COII Michelle Ellington & COI Barry Boswell

Distribution: ORIGINAL AND ONE (1) COPY to Central I & I Division
COPY to Institutional File
COPY to Deputy Commissioner of Operations (Class A and B ONLY)
COPY to Central Records Office

ADOC Form 302-A – June 1, 2005

**EXHIBIT #1**



PRISON HEALTH SERVICES INCORPORATED

# EMERGENCY

ADMISSION DATE 8/29/06 TIME 950 AM PM

ORIGINATING FACILITY MPR ☐ SIR ☐ PDL ☐ ESCAPEE ☐

☐ SICK CALL ☐ EMERGENCY ☐ OUTPATIENT

ALLERGIES NKDA

CONDITION ON ADMISSION ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

VITAL SIGNS: TEMP 98³ ORAL RECTAL RESP. 20 PULSE 90 B/P 130/80 RECHECK IF SYSTOLIC <100> 50 /

NATURE OF INJURY OR ILLNESS

S- BODY Chart PER DOC. INMATE Restrained PER ADOC.
O- ALERT AND ORIENTED X 4. Ambulate w/o ASSISTANCE. REDNESS Noted to Lt Forehead. ABLE to Flex And Extend ALL Extremeties. Small Amt Swelling to Lip. NO OPEN AREAS NOTED @ this time. NO Further INJURY NOTED. C/O SORENESS RT Knee. REDNESS NOTED

ABRASION /// CONTUSION # BURN xx FRACTURE Z LACERATION / ______ SUTURES

REDNESS

PROFILE RIGHT OR LEFT

REDNESS

RIGHT OR LEFT

PHYSICAL EXAMINATION

A- BODY CHART PER DOC.

P- MOTRIN 1000mg for Potential DISCOMFORT.

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| | | |

DIAGNOSIS

INSTRUCTIONS TO PATIENT F/U with SickCall if Needed

EXHIBIT #2

DISCHARGE DATE 8/29/06 TIME 1000 AM PM

RELEASE / TRANSFERRED TO ☒ DOC ☐ AMBULANCE ☐

CONDITION ON DISCHARGE ☒ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL

NURSE'S SIGNATURE R Bryant LPN DATE 8/29/06

PHYSICIAN'S SIGNATURE DATE CONSULTATION

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|
| MOSS HAROLD | 170262 | 7/18/73 | BM | MPR |

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

**Harold Moss,**
**AIS #170262**

**Plaintiff,**

**v.** ) **CIVIL ACTION NO. 2:06-CV-784-ME**

**COSI Otis Smith, et al.,**

**Defendants.**

**AFFIDAVIT**

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared before me first being duly sworn, deposes and says on oath as follows:

My name is Otis Smith, and I am presently employed as a Correctional Officer Supervisor I with the Alabama Department of Corrections, Montgomery Pre-Release Center, Mt. Meigs, Alabama. I am over twenty-one (21) years of age.

**Inmate Harold Moss, B/M, 170262, has alleged the following:**

1. **That I, LT Otis Smith, violated his constitutional rights.**

**RESPONSE:** I, LT Otis Smith, have no knowledge of any alleged incidents occurring on August 29, 2006, where Plaintiff, inmate Harold Moss' constitutional rights were violated.

2. **That I, LT Otis Smith, physically assaulted Plaintiff, inmate Harold Moss on August 29, 2006, while subject was handcuffed. Inmate Moss alleges sustaining several injuries due to a beating.**

**RESPONSE:** At no time did any Correctional Officer or myself assigned to Montgomery Pre-Release Center vigorously attack inmate Moss. Inmate Moss' allegations of being physically attacked by me are completely false and without merit. **(SEE ATTACHED MEDICAL REPORT: EXHIBIT # 1).**

PENGAD 800-631-6989 EXHIBIT 2

At no time did I assault subject while subject was handcuffed. **(SEE ATTACHED INCIDENT REPORT: EXHIBIT #2 - MPR-06-0208).** The appropriate amount of force was used to restrain Plaintiff, inmate Harold Moss in accordance with Alabama Department of Corrections Administrative Regulations.

The aforementioned statements are true and correct to the best of my knowledge and recollection.

Otis Smith, COSI
Montgomery Pre-Release Center
Alabama Department of Corrections

State of Alabama )
)
Montgomery County )

Sworn to and subscribed before me and given under my hand and Official Seal this 21ST day of SEPTEMBER 2006.

Notary Public

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: April 6, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

My Commission Expires:

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 SEP -1 A 9:28
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

HAROLD MOSS #170262
Full name and prison number of plaintiff(s)

CIVIL ACTION NO ______
(To be supplied by the clerk of the U.S. District Court)

2:06 CV-784-MEF

V.

MONTGOMERY PRERELEASE CENTER
OFFICER CASEY
LT. SMITH

Name of person(s) who violated your constitutional rights. (List the names of all the persons)

I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this acti
Yes ( ) NO (X)

B. Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes ( ) NO (X)

C. If your answer to A or B is yes, describe each lawsuit in the space below. (if more than one lawsuit describe the add -ional lawsuits on another piece of paper, using the same out line.

II. PLACE OF PRESENT CONFINEMENT, Montgomery Pre-release center, MT. Meigs AL 36057 P.O. Box 75.

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED, Montgomery Pre-release center

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| NAME | ADDRESS |
|---|---|
| 1. OFFicer CASEY | Montgomery Pre-release center, P.O. BOX 75 MT. Meigs AL 36057 |
| 2. L.T. SMITH | Montgomery Pre-release center P.O. BOX 75 MT. Meigs AL 36057 |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED 08/29/06

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED.

GROUND ONE: I WAS Vigorously attack'd by two officers.

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND (state as best you can the time, place, manner, and person involved). I was grabed and hit in the back of my head with a metal night stick, on 08/29/06 at or about 9:1 (a.m) and was thrown to the ground and hand cuffed, while on the ground I was punched repeatly in the side and lower part of my back and had my face slammed to the floor numerous of times by officer casey. at no time did I threat him nor touch Him. nor was any force useby me. I was physically assaulted by this officer. (Officer Casey).

GROUND TWO: I was physically assaulted by LT. SMITH

SUPPORTING FACTS: on 08/29/06 while handcuffed behind my back I was hit in the mouth by LT. SMITH, as a result my lip was busted. clearly I wasn't a threat. I was handcuffed.

GROUND THREE: the left side of the back of my head is swollen, the lower part of my back ache, my right knee is swollen and scared up. my bottom lip on the right side is busted. I'm having headaches. the left side of my face is bruised. all because of the beaten I sustain'd by these officers.

SUPPORTING FACTS: I was treated to a body chart by Nurse smith here. the body charts shows all the marks, bruise's on my face, head, knee, mouth and back. also Rodney Hinton 184941 witness the whole incide[nt]

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES. I'm respectfully requesting the court to order the defendants to pay me the sum of $100.000 for the assault I received and the pain. and possible face charge's for what they did to me.

Harold Moss

Signature of Plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct

EXECUTED on 08/29/06
(date)

Harold Moss

Signature of Plaintiff(s)

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
# INCIDENT REPORT

| 1. Institution: | 2. Date: | 3. Time:10 | 4. Incident Number: | Class Code: |
|---|---|---|---|---|
| Montgomery Pre-Release Center | 08/29/2006 | 9:40am | MPR-06-0208 | C |

| 5. Location Where Incident Occurred: | 6. Type of Incident: |
|---|---|
| MPRC general yard adjacent to the side exit door of the Dorm. | #56-Failure to Obey a Direct Order (Use of Force) |
| **7. Time Incident Reported:** 9:45am | **8. Who Received Report:** SGT William Howard |

9. Victims:

| | Name | AIS |
|---|---|---|
| a. | NA | No. NA |
| b. | | No. |
| c. | | No. |

| 10. Suspects: Name | AIS | 11. Witnesses: Name | AIS |
|---|---|---|---|
| a. MOSS, HAROLD | No. B/170262A | a. NA | No. |
| b. | No. | b. | No. |
| c. | No. | c. | No. |
| d. | No. | d. | No. |
| e. | No. | e. | No. |
| | | f. | No. |
| | | g. | No. |

**PHYSICAL EVIDENCE:**

12. Type of Evidence

NA

13. Description of Evidence:

NA

14. Chain of Evidence:

a. NA
b.
c.
d.

15. Narrative Summary:

On 08/29/06 at approximately 9:40am, COI Curtis Casey gave inmate Harold Moss, B/170262, a direct order to take an inmate lockerbox to the Montgomery Pre-Release Center laundry. Inmate Moss stated, "I, Harold, am not going to carry no lockerbox." Officer Casey once again gave inmate Moss a direct order to carry the lockerbox to the laundry and inmate Moss refused. Inmate Moss refused to move. Officer Casey walked up to inmate Moss, grabbed him by the upper left arm to escort him into the dorm to talk with LT Otis Smith. As inmate Moss was being escorted into the dorm area, he tried to pull away from Officer Casey. Officer Casey then placed inmate Moss face down on the floor. COI Barry Boswell assisted Officer Casey by placing handcuffs on inmate Moss. Inmate Moss was restrained and escorted to the Shift Office where this incident was reported to SGT William Howard. Once in the Shift Office, SGT Howard questioned inmate Moss about his actions. Inmate Moss stated he was not told to do anything. After questioning, inmate Moss was examined by Nurse Smith (See attached Medical Statement). Once the examination was complete, inmate Moss was released back into MPRC general inmate population. Disciplinary action initiated for rule violation #56-Failure to Obey a Direct Order (Use of Force).

Curtis Casey, COI

Attachment: One (1) Medical Statement.
Statements: COII Michelle Ellington & COI Barry Boswell

Distribution: ORIGINAL AND ONE (1) COPY to Central I & I Division
COPY to Institutional File
COPY to Deputy Commissioner of Operations (Class A and B ONLY)
COPY to Central Records Office

ADOC Form 302-A – June 1, 2005

EXHIBIT #1

PHS
PRISON HEALTH SERVICES INCORPORATED

# EMERGENCY

| ADMISSION DATE 8/29/06 | TIME 950 AM | ORIGINATING FACILITY MPR ☐ SIR ☐ PDL ☐ ESCAPEE ☐ | ☐ SICK CALL ☐ EMERGENCY ☐ OUTPATIENT |
|---|---|---|---|

ALLERGIES NKDA

CONDITION ON ADMISSION ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

VITAL SIGNS: TEMP 98.3 ORAL RECTAL RESP. 20 PULSE 90 B/P 130/80 RECHECK IF SYSTOLIC <100> 50

NATURE OF INJURY OR ILLNESS

S- BODY Chart PER DOC. INMATE Restrained PER ADOC.
O- ALERT AND ORIENTED X 4. Ambulate w/o ASSISTANCE. REdness Noted to Lt ForeHead. ABle to Flex And Extend ALL Extremeties. Small Amt Swelling to Lip. NO OPEN AREAS NOTED @ this time. NO Further INJURY NOTED. C/O SORENESS RT Knee. REDNESS NOTED

ABRASION /// | CONTUSION # | BURN xx | FRACTURE z | LACERATION / ____ SUTURES

REDNESS

PROFILE RIGHT OR LEFT

REDNESS

RIGHT OR LEFT

PHYSICAL EXAMINATION

A- BODY CHART PER DOC.

ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY

P- MOTRIN 600mg For Potential DiscomforT.

DIAGNOSIS

INSTRUCTIONS TO PATIENT F/U with SickCall if needed

EXHIBIT #2

DISCHARGE DATE 8/29/06 TIME 1000 AM PM RELEASE / TRANSFERRED TO ☒ DOC ☐ AMBULANCE ☐

CONDITION ON DISCHARGE ☒ SATISFACTORY ☐ FAIR ☐ POOR ☐ CRITICAL

NURSE'S SIGNATURE R Bryant LPN DATE 8/29/06 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|
| MOSS HAROLD | 170262 | 7/18/73 | BM | MPR |